UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK R. OMARO,

                    Plaintiff,

        v.

SERGEANT O'CONNELL,

                  Defendant.

_____

<u>DECISION & ORDER</u>

14-CV-6209W

       Plaintiff Derrick R. Omaro, acting *pro se*, filed a complaint against defendant D. O'Connell, a Sergeant employed by the New York State Department of Corrections and Community Supervision ("DOCCS") at the Attica Correctional Facility.  (Docket # 1).  Omaro's complaint asserts a claim pursuant to 42 U.S.C. § 1983 that O'Connell violated the First Amendment by denying Omaro, a practicing Muslim, his right to practice his religion.  (*Id.*).  Specifically, Omaro alleges that on July 14, 2013, O'Connell denied him the right to participate in "the Islamic fasting period" and prayer services by removing Omaro's name from the "Islamic Fasting Meal Program call out listing."  (*Id.*).

       Pending before the Court is Omaro's motion for the imposition of discovery sanctions against defendant O'Connell.  (Docket # 23).  Defendant opposes the motion.  (Docket # 25).  For the reasons set forth below, plaintiff's motion is denied.

       Omaro claims that sanctions are warranted for the defendant's alleged failure to provide initial discovery as ordered by the Court in its initial scheduling order dated April 16,

2015.  (Docket # 23).  Pursuant to that order, O'Connell was required to produce to Omaro by no later than May 12, 2015:

> the names of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose . . . [and] copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following:
>
>> Incident reports, intra departmental memoranda, use of force reports, photographs, videotapes, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

(Docket # 13).  Although the record demonstrates that O'Connell provided initial disclosures on May 12, 2015 (Docket # 25, Exhibit B), Omaro argues that the disclosures were so deficient as to warrant the imposition of sanctions.  (Docket # 23).  According to Omaro, defendant was obligated to produce as part of his required initial disclosures "the official visitor registration log as it applies to visitor registration in and out of the facility," "plaintiff's package room folder," and related documents.  (*Id.*).  O'Connell's opposition to Omaro's motion includes an affirmation of O'Connell's attorney representing that he did not produce such documents because no reasonable basis existed for him to believe that such documents were relevant to Omaro's claims.  (Docket # 25 at ¶¶ 6-9, 22; *see also* Docket # 25-1 at 1).  I agree.

As set forth above, Omaro's complaint alleges that O'Connell violated his right to practice his religion by interfering with his right to participate in an Islamic fasting period and prayer services.  The complaint contains no factual allegations relating to any issue with Omaro's right or privilege to receive visitors or to send or receive packages.  (*Id.*).  Under these circumstances, counsel cannot be said to have ignored his court-ordered discovery obligations by

not producing these apparently irrelevant documents.  Thus, sanctions are not warranted, and Omaro's motion is denied.

Since Omaro filed the motion, however, he has explained his belief that O'Connell's purported removal of Omaro's name from the call-out list of inmates approved to participate in Ramadan fasting was in retaliation for a complaint by plaintiff's wife to the DOCCS's Inspector General's Office that defendant had issued a false misbehavior report charging Omaro with a package procedure violation relating to a July 10, 2013 visit by his wife.  (*See* Docket # 27).  The record demonstrates that defendant has produced several documents relating to that incident, as well as the Inspector General's report.  (*See* Docket ## 25, 30, 32).  It appears that Omaro seeks no additional discovery at this stage.  (Docket # 35).  If, on the other hand, Omaro seeks the production of additional documents requested by him, he should confer with counsel for O'Connell in a good faith attempt to address those requests and resolve any disputes.

Accordingly, Omaro's motion for sanctions **(Docket # 23)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      January 13, 2016